STEPHENS, Acting P. J., Concurring and Dissenting.
I agree with the majority opinion wherein it states: “We conclude that the phrase ‘most recent work’ should not be construed to mean merely the last employment of any kind prior to filing for benefits. It must refer to significant or regular employment in order to effectuate the purposes of the act. The most reasonable meaning for the term ‘most recent work,’ taken in the context of the entire Unemployment Insurance Code and the purposes and policies behind it, is the most recent primary or principal or full-time employment of the individual. The major factor in determining whether a particular job is the principal employment of the individual is the time spent in the employment vis-á-vis with the time spent in his other employments.” It is the leap to the conclusion which follows to which I cannot subscribe. The correct conclusion is that if an individual had a full-time job, on the basis of which he is now eligible for unemployment insurance benefits, his qualification for such benefits is not dependent on or affected by whether he holds a part-time job or the manner in which he may have terminated such a part-time job. The amount of the actual benefits received by the claimant is affected by any wages he may receive from part-time employment, but only by wages actually received. Should such part-time employment be terminated for whatever reason, he shall receive the full amount for which he is entitled by virtue of his full-time employment.
The decision of the lower court granting respondent reduced benefits for the period after she quit her job at Penney’s was not correct. The weekly benefit to a claimant may be reduced only by the wages actually received by that claimant in that week. Section 1279 is the section that permits reduction of the benefit payments to offset wages received. *651 Nothing in that section, or any other section of the Unemployment Insurance Code, allowed benefit payments to be offset by wages which might have been received had the claimant held a part-time job. To interpret section 1256 to disqualify the claimant from that part of the weekly benefit amount equal to the amount that had been deducted to offset wages earned while the claimant had a part-time job would be unfair, contrary to the intent of the act, and illogical.[1]
I would hold that a part-time job which is not the unemployed worker’s principal, or which would qualify as, full-time employment does not constitute his “most recent work” for the purpose of Unemployment Insurance Code section 1256. Consequently, the terminating of such a part-time job voluntarily and without good cause does not disqualify the claimant from all unemployment insurance benefits accruing to her by reason of being laid off from her principal or full-time employment.
Respondent here is entitled to benefits at the reduced rate of $73 per week while she was part-totally employed by Penney’s, and, had she not waived the difference, full benefits equal to her weekly benefit amount after leaving Penney’s. Such benefits may only be offset in accordance with section 1279—wages actually received.
Of the issues remanded by the lower court, one issue is moot, but the other may still be considered by the CUIAB, should it so choose. The issue of whether leaving Penney’s to attend the Lockheed training program constituted good cause is immaterial to the amount of respondent’s benefits since she is entitled to full benefits, regardless of whether she left Penney’s for good cause or not. Appellant may still consider whether respondent rejected suitable full-time employment by Penney’s.
I would affirm the order of remand with direction for further proceedings consistent with the above view.
Appellant’s petition for a hearing by the Supreme Court was denied September 7, 1978. Tobriner, J., Mosk, J., and Richardson, J., were of the opinion that the petition should be granted.

Respondent has not appealed and therefore has effectively waived any sums in excess of what the trial court mandated.